# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 15, 2014 Session

## RHONDA JO ELFVIN v. STEVEN C. LOVEDAY

**Appeal from the Circuit Court for Sevier County**
**No. 2001-426-I      Ben W. Hooper, II, Judge**

_____

**No. 2014-00669-COA-R3-CV - Filed August 15, 2014**

_____

The appellant ("Mother") appeals from an order of the trial court entered on February 24, 2014, which partially granted the Petition and Amended Petition to Modify filed by the appellee ("Father") in this post-dissolution proceeding. The February 24, 2014 order stated that "any other issues not addressed in this Agreed Order are reserved for further hearing upon motion of either party, including but not limited to, whether or not Father owes retroactive child support." It is clear that the order appealed from does not resolve all issues raised in the proceedings below. The Notice of Appeal also was filed more than thirty (30) days from the date of entry of the February 24, 2014 order. As a result of these jurisdictional defects, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., CHARLES D. SUSANO, JR., C.J., AND D. MICHAEL SWINEY, J.

Rhonda Jo Elfvin, Seymour, Tennessee, appellant, *pro se*.

David Wayne Webb, Sevierville, Tennessee, for the appellee, Steven C. Loveday.

**MEMORANDUM OPINION**[1]

Upon review of the record for this appeal, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because there is not

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

"a final judgment adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie. Tenn. R. App. P. 3(a). The response filed by the appellant does not address the jurisdictional problem, but rather argues the merits of her appeal.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Moreover, even if the February 24, 2014 order were considered a final, appealable order, this Court still would not have jurisdiction to consider this appeal. Mother failed to invoke this Court's jurisdiction by filing a Notice of Appeal within thirty (30) days of the date of entry of the February 24, 2014 order as required by Rule 4(a) of the Rules of Appellate Procedure. The Notice of Appeal in this case was not filed until April 4, 2014, which was thirty-nine (39) days after the date of entry of the February 24, 2014 order. In order to be timely, a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004).

Because this Court lacks jurisdiction to consider this appeal, the case is dismissed. Costs on appeal are taxed to the appellant, Rhonda Jo Elfvin, for which execution may issue if necessary.

**PER CURIAM**